## ADAMS *vs.* FRANKLIN.

1. Objections to the admissibility of testimony must be specified.
2. Where a bill was filed against an acting trustee and the beneficiaries of the trust estate, in which complainant claimed a debt against the trust estate for services rendered it in preventing certain executions from being levied on and selling it, and for money advanced to the estate, and for the payment of counsel fees, etc., and the validity of complainant's claim was not resisted by the acting trustee, and where she answered the bill, and by way of cross-bill prayed that she might be appointed guardian *ad litem* of her minor children, who were beneficiaries of the trust estate, and where she was so appointed, and as such acknowledged service of the original bill, the court in which the bill was filed had jurisdiction of both parties and subject-matter.
(a) No fraud appears on the face of the pleadings referred to, and no collusion between the complainant and the acting trustee.
(b) The bill having been filed before the act of 1876, requiring minors to be personally served, service of their guardian *ad litem* was in accordance with the practice of courts of equity at the time and was sufficient.
3. The court having jurisdiction of the subject-matter and of the parties, and plaintiff in error being one of those parties, she is bound by the decree made in the cause.
4. Even if the decree were erroneous, it could not be attacked collaterally, but would be binding unless set aside in some of the ways prescribed by law.
5. The jury being instructed that if the decree was obtained by fraud or collusion it was void, and if not thus obtained it was binding on plaintiff, as she was a party thereto, there was no error in such charge; and the jury having found that there was no such fraud or collusion, and the presiding judge being satisfied with the finding, it will not be disturbed.

November 21, 1888.

Practice. Jurisdiction. Trusts. Parties. Fraud. Minors. Decrees. Charge of court. Verdict. Before Judge HINES. Washington superior court. March term, 1888.

Reported in the decision.

TWIGGS & VERDERY and J. N. GILMORE, for plaintiff.

EVANS & EVANS, for defendant.

SIMMONS, Justice.

Mrs. M. O. Adams filed her petition for partition, in Washington superior court; in which she alleged that her father died in 1866 ; that prior to his death he held, as trustee for his wife and children, the title to certain land in said county ; that by the terms of the deed of trust, the land was given in trust for the sole and separate use of Mary E. Franklin, his wife, and her children ; and in the event of the death of the trustee before that of the wife and mother, the property was to be discharged of all trust, in which case she, as natural guardian of the children during their minority, should be empowered to sell or dispose of their interests without the order of the court of ordinary, and to invest the proceeds for their benefit. She alleged that she (the petitioner) and her mother (Mrs. Mary E. Franklin) and her brothers and sisters are common owners of said land, she (petitioner) being entitled to a sixth-interest. She further alleged that all of the parties were of full age, and had notice of her application. She prayed for the appointment of partitioners to divide the land. This petition was also served upon J. D. Franklin, a paternal half-brother of the petitioner, it being alleged in the petition that he was in possession of a certain part of the land which was sought to be partitioned. The mother (Mrs. Mary E. Franklin) and the other children did not object to the partition of the land held by them; but J. D. Franklin objected to the issuance of the writ of partition ; and for cause showed that, by the terms of the trust deed mentioned in the petition, Mrs. Mary E. Franklin, the wife of the trustee, was, at his death, to assume his place ; that he died hopelessly insolvent

in the year 1865 or 1866; that in 1875, he (J. D. Franklin) had a large demand against the trust estate, aggregating over $60,000, and that he had filed a bill against Mary E. Franklin, trustee, and the trust estate, setting out the nature of this demand, the grounds of his claim, and in what manner the trust estate was liable; as well as the names of the trustee and *cestuis que trust*; that Mary E. Franklin, as trustee and as guardian *ad litem* for the *cestuis que trust*, answered this bill, and filed a cross-bill, praying relief against him, and praying that her children be protected by a proper decree; that the cause came on to be heard at the September term, 1875, and that a verdict was rendered in his favor, subjecting the trust property to this debt, to the extent of half in valuation, and directing the appointment of partitioners to divide the premises between him on the one hand, and Mrs. Mary E. Franklin and her children on the other.; that partitioners were appointed accordingly, and that they divided the land, giving to him one hundred and seventy-two and a half acres and certain town lots, and to Mrs. Mary E. Franklin and her children the late residence of her husband and certain other town lots, besides one hundred and twenty-seven and five-sixths acres of land; that the return of the partitioners was made the judgment of the court at the March term, 1876.

On the trial of the application for partition, the petitioner introduced the trust deed above alluded to, from William Sneed to Samuel O. Franklin, dated —— day of ——, 1866, under which she claimed a sixth-interest in the land described in the deed. She also proved that she was one of the beneficiaries named therein, and that there were five children and her mother; she, therefore, being entitled to a sixth-interest. With this evidence the petitioner closed. J. D. Franklin offered in evidence

the bill, answer and decree, the return of the partitioners and the judgment of the court thereon, in the case of J. D. Franklin vs. Mary E. Franklin et al. Besides the facts set out in his objection above alluded to, his evidence showed that he was a son of Samuel O. Franklin by his first marriage; that his father died insolvent, having just before his death made the trust deed in which the tract of land now in controversy was conveyed in trust for the benefit of his wife, Mrs. Mary E. Franklin, and her children; that all of the father's other property was sold under executions and mortgages, leaving numerous and large judgments still unsettled; that these were vigorously pressed by the creditors, and efforts made by them to subject this trust property; that by his economy and energy for several years, he had been enabled to protect the trust property, but in order to do so, had been at great expense, traveling to and fro, employing counsel, buying executions, etc., and that it was distinctly understood between him and Mary E. Franklin, there being no living trustee, that if he would perform the duties of a trustee in protecting the trust estate from the creditors of her husband, and otherwise represent and sustain the same, there should be an equal division thereof with him; that he had advanced money from time to time for the improvement of the property, support of the family, education of the children, etc., a statement of which amounts was attached to his bill. The bill introduced in evidence prayed discovery from Mrs. Mary E. Franklin, and for the appointment of a guardian ad litem for the minor children, and that they be required to appear and answer the bill; it also prayed that the agreement made by him with Mrs. Mary E. Franklin be enforced by decree, and that partitioners be appointed to divide the property. In this bill he claimed that he was entitled to a half-interest in certain

*fi. fas.* which amounted to over $18,000, also the amount paid out by him for taxes and attorneys' fees, besides a half interest in the store, rent of the farm, and the live-stock on hand, amounting to eleven or twelve thousand dollars more.   The bill was filed at the September term, 1875 ; service was acknowledged on August 11th, 1875, for Mrs. Franklin, by her attorney ; and on September 17th, 1875, Mrs. Franklin acknowledged service as guardian *ad litem* for the children.   In the answer to the bill, which was also introduced in evidence in this case, Mrs. Franklin admitted that her husband died insolvent, that his creditors were pressing the trust estate, that J. D. Franklin had proposed to aid her in executing the trust, and undertook, jointly with herself, to save the trust estate, that no definite terms were agreed upon be-tween them, that she recognized the great service done by him and the justice of his claim to reasonable com-pensation; but denied that he held any executions against the trust property, or any for the payment of which it was subject, and alleged that the executions he held were against Samuel O. Franklin and not against the trust estate ; she alleged that she was willing that, for the service he had rendered, he should have half of the trust estate, and annexed to her answer a paper containing a proposition of settlement made by her to Franklin and which she understood was satisfactory to him ; and she prayed a decree in accordance therewith.   By way of cross-bill, she prayed that she be appointed guardian *ad litem* for her minor children, and that full and final de-cree be had at one term of the court settling all matters between herself and her children on the one hand, and Franklin on the other.   It further appeared that she was appointed guardian *ad litem* for the minor children, and that an order was taken, by consent of the parties, that the cause be heard at the then term of the court ;

that a verdict and decree were then rendered, in substance as follows : That the complainant, Franklin, acting in behalf of the trust estate, had incurred great expense, etc., and had thereby rescued the estate and greatly enhanced its value; that from the proceeds of the trust estate and some adjoining property owned by him and Mrs. Franklin he had stocked the place with a large number of mules, horses, cattle, farming utensils, etc., all of which was owing to the skill and industry of said Franklin, aided by Mrs. Franklin ; that executions to the amount of over $60,000, which were being pressed by creditors of Samuel O. Franklin against the trust property, had been bought up by J. D. Franklin; that over half of that amount was against the trust estate; that J. D. Franklin's claim was fair, and that there was no money in the trust estate to pay it; that the trust estate should be equally divided between him on the one part, and Mary E. Franklin and her children on the other part; and that partitioners be appointed to make a division of the land and personalty; and that the return of the commissioners remain open until the next term of the court, at which time, if no objection should be filed thereto, it should be confirmed. This verdict and decree were rendered on September 18th, 1875 ; partitioners were appointed in accordance therewith, and the land was divided as hereinbefore stated. Their return was made the judgment of the court at the March term, 1876, no objection having been filed thereto. There was other evidence put in by Franklin on the trial of the case now before us, which it is unnecessary to mention here.

The jury, under the charge of the court, returned a verdict sustaining the objections filed by Franklin. Mrs. Adams, the petitioner, moved for a new trial on the following grounds :    (1, 2) that the verdict is con-

trary to law and to the evidence; (3) that the court erred in admitting in evidence the bill filed by J. D. Franklin against Mrs. Mary E. Franklin, and the answer thereto and the decree thereon; (4) that the court erred in charging the jury that the decree of September 18th, 1875, partitioning the property between J. D. Franklin and Mrs. Mary E. Franklin and her children, put the title in J. D. Franklin, and as Mrs. Adam was a party and was represented by Mrs. Franklin, her guardian *ad litem*, the decree was conclusive as to J. D. Franklin's title, unless it was obtained by fraud or by collusion between Mary E. Franklin and J. D. intending to injure the children.

1. The 3d ground of this motion for a new trial we cannot consider, because it fails to set forth the ground of objection urged in the court below to the admissibility of the testimony.

2. The 1st, 2d, and 4th grounds go to the merits of the case, and will be considered together. We think the court that granted the decree in the case of J. D. Franklin *vs.* Mrs. Mary E. Franklin and her children, in 1875, had jurisdiction of the subject-matter and the parties in that case. J. D. Franklin claimed a debt against the trust estate for services rendered to the estate in preventing the executions against Samuel O. Franklin from levying on and selling the same, for money advanced thereto, for the payment of counsel fees in protecting the estate from said executions, and perhaps for money advanced in the support and education of the *cestuis que trust*. Whether his claim was too large or not, is not a matter for us to determine in this litigation. It was passed on by the court which had jurisdiction thereof, and was not resisted by Mrs. Franklin as acting trustee, nor by her as guardian *ad litem* of the *cestuis que trust;* indeed, she admitted the

validity of the claim of J. D. Franklin. The whole matter was submitted to the court and jury. It was found and decreed, as we have shown in the statement of the evidence, that the claim was just and fair, and that as there was no money in the hands of the acting trustee to pay the same, it should be paid in property, and that he should be given half in value of the land belonging to the trust estate.

It was insisted by counsel for the plaintiff in error that the proceedings in that case showed fraud upon their face, and that the verdict was therefore contrary to law and to the evidence. We do not agree with counsel in this contention. So far as the pleadings are concerned, they appear to us to have been fair and honest. The great man and upright judge who granted that decree passed upon the pleadings, and if they had shown fraud upon their face, or any collusion between Franklin and Mrs. Franklin, he would certainly have discovered and forbidden it. He heard the pleadings and heard all of the evidence introduced in that case, and adjudicated the question between those parties upon the finding of the jury. We cannot undertake to say at this late day that he was wrong in his judgment, and that the pleadings do show upon their face fraud and collusion between these parties.

It is insisted by counsel for the plaintiff in error, that although the court which granted this decree may have had jurisdiction of the subject-matter, he had no jurisdiction of the parties, because the minor children had never been served and made parties according to law. The evidence shows that Mrs. Franklin filed a cross-bill, and prayed therein that she might be appointed guardian *ad litem* of her minor children, and the record shows that in accordance with that prayer she was appointed accordingly, and as such

guardian she acknowledged service of the original bill of J. D. Franklin. It will be observed that this bill was filed before the act of 1876, which required minors to be personally served. The practice in courts of equity before the passage of the act of 1876 seems to have been to serve only the guardian *ad litem* of the minors. In this court, in the case of *Harvey, trustee, vs. Cubbedge et al.,* 75 *Ga,* 792, it was ruled that that was sufficient service prior to the act of 1876. See also *Boardman vs. Taylor,* 66 *Ga.* 647. Under these decisions, we hold that the minor children in this case were parties and were properly served. Whether these decisions be right or wrong, this court as now constituted, one of our associates being absent from providential cause, cannot review them; and we are bound to follow them in this case.

3. It having been shown, therefore, that the court which rendered this decree had jurisdiction of the subject-matter in dispute and of the parties, and this plaintiff in error being one of those parties, it follows as a necessary consequence that the decree is not void as insisted on by counsel for the plaintiff in error, but is a valid and subsisting decree and binds the plaintiff in error.

4. Even if the decree were erroneous, she could not attack it collaterally, but it would still bind her unless it was set aside in some of the ways prescribed by law. "A judgment of a court having jurisdiction both of the subject-matter and the parties, however erroneous it may be, is a valid, binding and conclusive judgment as to the matter in controversy upon the parties thereto, and to those claiming under them, and cannot be attacked or impeached in a collateral proceeding." *Mayer vs. Hover,* decided at the last term of this court, (81 *Ga.*

308,) and authorities there cited; *Dean vs. Central Cotton Press Co.*, 64 *Ga.* 670.

5. These propositions being true, there was no error in the charge complained of in the 4th ground of the motion. The instruction complained of submitted the question of fraud and collusion to the jury. They were instructed that if the decree was obtained by fraud or collusion it was void; if not thus obtained it was binding on Mrs. Adams, as she was a party thereto. The jury found by their verdict that there was no fraud or collusion between J. D. Franklin and Mary E. Franklin, either as an individual or as guardian *ad litem,* in the procurement of the decree sought to be attacked. Fraud is a matter to be passed on by the jury. They having decided under their oaths, after considering all the evidence in the case, that there was no fraud or collusion in the procurement of this decree between the parties, and the able, conscientious judge who presided in this case being satisfied with their finding, we will not disturb it.

Judgment affirmed.