## MOORE *et al. v.* MOBLEY *et al.*

1. A deed to land, made in fraud of the rights of creditors, is not void ab initio, but is only voidable at the instance of the creditors; and such a deed conveys title as against any one not affected by the fraud.
2. This court will not reverse a judgment overruling a motion for a new trial on the ground of error in the refusal of the trial court to allow stated questions asked, when it does not appear from the motion that the trial judge was informed what the answer to the questions would be.
3. It was not error to charge, in effect, that if a party goes into possession of land under a parol purchase and afterwards surrenders the land without ever having paid any of the purchase-money, his possession will not inure to his benefit as against the one from whom he purchased.

Argued May 25, — Decided June 16, 1905.

Equitable petition.  Before Judge Roberts.  Irwin superior court.  December 31, 1904.

*Haygood & Cutts, Hal Lawson,* and *E. D. Graham,* for plaintiffs, cited *Ga. R.* 44/573 ; 46/553 ; 50/629 ; 54/451 ; 70/809 ; 101/160 ; 59/256 ; Civil Code, §§ 3584, 3589.
*McDonald & Quincey,* for defendants.

CANDLER, J.  1. The Civil Code, § 3584, provides that "possession to be the foundation of a prescription . . must not have originated in fraud."  The principal question for decision in this

case is whether the fraud contemplated by the section quoted is restricted to fraud against the true owner of the land, or extends to any fraudulent scheme which may have been effectuated by the transfer of possession. In the case at bar the question arises in the following manner: The plaintiffs sued the defendants in ejectment, relying on a .chain of title originating in a grant from the State. The defendants met the plaintiff's case by evidence to the effect that they and their predecessors in title had been in possession of the land for more than seven years under color of title. To offset this defense the plaintiffs sought to prove that the original deed relied upon as color of title was made for the purpose of defrauding the grantor's creditors, the grantee being a party to the fraud. The plaintiffs did not claim under the creditors, nor were they affected by the alleged fraud. The court below excluded the evidence offered, and ruled that the deed, if fraudulent for the reasons urged, could only be attacked by creditors of the grantor.

The exact question presented, so far as it relates to the law of ejectment, has never, to our knowledge, been passed upon in this State. Our reports abound in decisions defining color of title, and laying down rules as to what sort or degree of fraud is necessary to render invalid a paper relied upon as color of title; but we have not been cited to any case in which this court had before it the question whether the fraud contemplated by the code section is limited to the true owner of the land. A careful study of all the authorities indirectly bearing upon the subject, however, convinces us that the ruling of the trial judge was correct, and that the evidence sought to be introduced was properly excluded. It needs no citation of authority to establish the proposition that in Georgia a deed made in fraud of the rights of creditors is not ab initio void, but is only voidable at the instance of the creditors affected by the conveyance. If the creditors do not interfere to assert their rights, title will pass; and this is true though the grantee have full notice of the fraudulent purpose of the deed and be a party to the furtherance of the scheme. If, therefore, such a deed is good as a conveyance of title as against all the world except those who are affected by the fraud, we are at a loss to see how a plaintiff in ejectment, who was not in any sense affected by the fraud

on the creditors, and who does not claim under them, can take advantage of a flaw in the title, which by law is available only to creditors, to defeat the defendant's claim to prescription. In *Street* v. *Collier*, 118 *Ga.* 470, it was held: "Color of title is anything in writing connected with the title which serves to define the extent of the claim. It matters not how imperfect or defective the writing may be, considered as a conveyance, if there is a writing which defines the extent of the claim." Certainly the paper relied upon by the defendants in the present case comes within the broad definition which we have quoted. It may be conceded that it was made in fraud of creditors, but the fact remains that this fraud was only fraud as to those whom it affected. As to all others the deed, so far as the purposes for which it was made is concerned, was a valid conveyance of title. If this reasoning is correct, it follows that the court below did not err in excluding the evidence offered.

2. The foregoing disposes of those grounds of the motion for a new trial which complain of the exclusion of evidence tending to show that the deed referred to was executed in fraud of creditors, and that the court erred in charging in accordance with the principles which we have mentioned. Certain other grounds of the motion complain of the refusal of the court to allow given questions to be asked, but do not disclose what answers would have been made to the questions so propounded. Others still fail to make it appear that the court was informed as to what the witness would answer. Under the ruling of this court in *Griffin* v. *Henderson*, 117 *Ga.* 382, these grounds can not be considered by this court.

3. Nor was it error for the court to charge, in effect, that if a party goes into possession under a parol purchase without paying any of the purchase-money, and afterwards surrenders the land, his possession will not inure to his benefit as against the one from whom the parol purchase was made. See *Brown* v. *Huey*, 103 *Ga.* 448.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Fish, P. J., disqualified.*