## JARRETT v. HUDSON.

It is no defense to a trover suit that the plaintiff acquired title from a former owner of the chattel in fraud of the rights of the wife of such former owner, where the defendant is not a privy of the person alleged to have been defrauded.

MAY 16, 1912.

Trover. Before Judge Walker. Warren superior court. April 3, 1911.

*L. D. McGregor*, for plaintiff in error. *E. P. Davis*, contra.

EVANS, P. J. The plaintiff, W. R. Hudson, brought an action of trover against E. W. Jarrett to recover certain personal property. The defendant offered to amend his plea by alleging: "That the consideration of the note, bill of sale, or mortgage, which the said Robt. Harrison executed to the said W. R. Hudson on the————— day of—————————, 1908, was fraudulent and illegal and made for the purpose of hindering, delaying, and defrauding the wife of said Robt. Harrison in collecting her judgment against the said Harrison for alimony. That the said Hudson by his own consent and agreement entered into the said fraudulent and illegal con-- tract with the said Harrison, and that the said note, bill of sale, or mortgage, which is the basis of this trover proceeding, is the culmination of such fraudulent and illegal agreement and contract. That by reason of such fraud the title to said property never passed into the said Hudson; and for that reason defendant says that the said Hudson has no title or right to recover the property sued for." The amendment was disallowed, and the case proceeded to trial, resulting in a verdict for the plaintiff.

There was no error in rejecting the amendment. The defendant does not allege himself to be a privy in estate with Mrs. Harrison. It is of no concern to him whether Mrs. Harrison's husband executed the bill of sale to the plaintiff to defeat the judgment which she obtained against her husband. A conveyance made in fraud of the rights of creditors is not absolutely void, but is voidable at the instance of creditors affected by it. *Moore* v. *Mobley,* 123 *Ga.* 424 (51 S. E. 351). In a proceeding by Mrs. Harrison to subject the property to the payment of her judgment, if Hudson relied on title from her husband, she could attack the bill of sale as fraudulent. In this case, however, the transaction set up in the stricken amendment is res inter alios acta.

*Judgment affirmed. All the Justices concur.*