DOUGLAS *et al. v.* JOHNSON.

ATKINSON, J. 1. The venue of a statutory proceeding for the partition of land is the county where the land lies. Civil Code, § 4786.

2. In such a proceeding, a minor at interest, over the age of 14 years, who has no guardian, may be served personally, but the minor would not become a party, and the writ of partition should not be ordered to issue, before a guardian ad litem has been appointed by the court, and the appointment accepted by the guardian ad litem, in the manner and form directed in Civil Code, § 4987. See, in this connection, *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859, 861 (53 S. E. 395).

3. A deed to A and her heirs is a conveyance exclusively to A. Civil Code, § 3083; *Ewing* v. *Shropshire,* 80 *Ga.* 374, 375 (7 S. E. 554).

4. Where, in response to an application to partition land, one of the alleged tenants in common denies that the applicant is a cotenant, and asserts entire ownership of the land, it is erroneous for the judge to

order partition without causing an issue to be made and submitted to a jury as provided in Civil Code, § 4791.

*Judgment reversed. All the Justices concur.*

Submitted February 14,—Decided March 28, 1908.

Partition. Before Judge Spence. Worth superior court. April 22, 1097.

Mrs. Para Johnson filed her petition in the superior court of Worth county for the partition of a certain tract of land in that county, alleged to have been conveyed in 1888 by her grandfather "to the wife and children of his son, David Johnson." It is alleged that the petitioner was a daughter of said David Johnson, and that the defendants, Mrs. Anna Douglas (formerly Mrs. Anna Johnson) and Mrs. Ava Rouse and Miss Davie Johnson were his wife and remaining children respectively, the two latter being minors, aged 20 and 16 respectively; that the petitioner and the said defendants are tenants in common of said land, and that notice has been given of the application for partition. The prayer was that the land be partitioned according to law. Only two of the defendants, Mrs. Anna Douglas and Miss Davie Johnson, appeared in answer to this petition, and they filed a plea to the jurisdiction of the court, upon the ground that neither of said defendants resided in the county of Worth, but both resided in the county of Turner, and consequently the superior court of that county, and not of Worth county, was the proper court to hear the application. These defendants also filed certain objections in substance as follows: (1) Miss Davie Johnson answers by her next friend, Mrs. Anna Douglas, that she is a minor, residing in the county of Turner, and that no attempt was made to serve the statutory notice upon her guardian or trustee, and consequently the notice of the plaintiff amounts to a nullity, and she, Miss Davie Johnson, is improperly joined as one of the defendants in the case. (2) These defendants are not jointly interested in said land with petitioner, but on the contrary the absolute ownership of the property is in Mrs. Anna Douglas, "who holds the fee simple title to the land . . , the said land being deeded to herself and her heirs." (3) No such deed as described in the petition was ever made by the plaintiff's grandfather, and moreover he "was insolvent prior to his death and could not hold property in his own name and right." In addition to this, the defendant Mrs. Anna

Douglas has held adverse possession of said land under her deed for more than seven years. Upon these pleadings, the court passed the following order: "The foregoing application being regularly called for hearing, and the parties cited appearing in open court and announcing ready for hearing, after considering the evidence submitted and the argument of counsel, the plea, objections, and defense filed are postponed for the present, and it is considered, ordered, and adjudged by the court that due proof has been made that the notice required by law has been given to all parties concerned of the intention of the applicants to make the application, and served at least twenty days before the hearing, and that the showing made by petitioner as to her title and share in the premises to be partitioned is satisfactory and sustains the allegations set forth in the petition, so as to authorize the granting of the writ of partition; and it is ordered and directed that the clerk of this court issue a writ of partition, framed according to the nature of this case, as shown by the said petition, directed to five freeholders of this county [named], directing and requiring them to execute and return the said writ of partition in terms of the law, and that all issues made by the pleadings now of file, or that hereafter may be joined and made, be heard, tried, and determined after the said return is made in terms of the law.". The defendants excepted to the granting of said order and to the refusal of the court to hear their plea and objections, and complained further that the court passed said order "without the plaintiff having exhibited" any paper title to the property or introduced any evidence in support of the application.

*Payton & Hay,* for plaintiffs in error.