## TALIAFERRO *et al. v.* CALHOUN *et al.*

1. An equitable petition was brought against a minor and his guardian, to quiet title and to enjoin the minor and those acting for him from setting up any claim to the land involved. An entry of service on the guardian appeared. An order was taken which recited that the minor and his guardian had each been duly and legally served, and which appointed a guardian ad litem for the minor. There was no entry of service by the sheriff on the minor. He and his guardian ad litem acknowledged service, and · agreed for the case to be tried at a stated time. On the trial the. jury found for the plaintiffs, and a decree was entered enjoining the minor and all persons acting for him from setting up any claim to the land. The final decree recited that the minor by counsel, the guardian, the guardian ad litem, and the father of the minor were present defending the case. After becoming of age, the defendant employed counsel and brought suit to recover the land involved in the former decree. In response to a rule to show cause why he and his attorneys should not be attached for contempt in violating the injunction, they set up that the decree was void, because it appeared on the face of the record that the minor was not served as required by the statute. *Held*, that it did not appear from the face of the record that the decree was void, so as to authorize it to be disregarded as a nullity.
2. Under the facts recited in the preceding headnote, the injunction against the minor was not void because his general guardian was

27

made a party with him, and was served and appeared, but the process omitted to describe him as guardian.

JANUARY 12, 1912.

Rule for contempt. Before Judge Worrill. Early superior court. January 17, 1911.

In 1904 H. C. Sheffield et al. brought an equitable petition against Ben Taliaferro Jr. et al., for the purpose of quieting title to certain land. Process was prayed against Ben Taliaferro Jr., and his guardian, G. W. Harrison. The process, which was issued and attached to the petition, required Ben Taliaferro Jr. and G. W. Harrison (not describing him as guardian) to be and appear at court. There was an entry of service by the sheriff on G. W. Harrison, guardian. At the return term of the superior court an order was passed, reciting: "It appearing to the court that Ben Taliaferro Jr. and his guardian, G. W. Harrison, have each been served with copy and process duly and legally," it was ordered that J. T. Freeman, Esq., be appointed guardian ad litem to represent the interest of the minor in the litigation, and to employ counsel to represent him in matters connected therewith. The person so appointed accepted the trust. On the record there was the following entry: "Due and legal service acknowledged; copy, process, and further notice waived. I request the court to try this case at April term, 1904, of Early superior court, so far as H. C. Sheffield is concerned." This was signed by Ben Taliaferro Jr. and J. T. Freeman, guardian ad litem. An answer was filed in the name of the minor defendant. The jury found in favor of the plaintiffs. The decree recited: "This case having come on to be tried at the present term of the court, and there being present in court plaintiffs personally and by counsel, and the defendant by counsel, and his guardian ad litem, J. T. Freeman, being present, and his guardian, G. W. Harrison, being present, and his father, Ben Taliaferro, being present, and all of them defending this suit," and decreed that Ben Taliaferro Jr. had no interest or title whatever in the described land as against any of the plaintiffs or persons holding under them; and that he, his guardian, and all persons acting for him, should be enjoined from claiming any of such land, or disparaging the plaintiffs' title by any claim of title thereto.

It appeared that Taliaferro was a minor over fourteen years of

age, and approaching the age of twenty-one years. After he reached his majority, he took counsel with certain attorneys; and being advised that the injunction against him was a nullity, he proceeded to bring suit for an undivided interest in certain described land involved in the former suit. Proceedings were taken to attach Taliaferro and his attorneys for contempt in violating the injunction. In response they set up that the decree was void, because the minor had not been served as required by the statute, and because the process did not describe his guardian as such, but mentioned him as an individual. Upon the hearing, the foregoing facts appeared, and certain affidavits were introduced on behalf of the respondent. In these occurred the expression that the minor "having never been served with a copy of the petition in said case or with process attached to such copy by the sheriff, as required by law, the said Taliaferro was not before the court;" but in the bill of exceptions it is stated that " It was admitted by the respondents, upon the trial of said case," that the affidavits mentioned "were not offered to prove any fact dehors the record" in the former case.

The presiding judge held the defendants to be in contempt, and fined each of them $25, from which they might be relieved upon the dismissal of the suits brought by them in violation of the injunction, referred to in the petition. The respondents excepted.

*Askew & Holcombe, Charles D. Russell,* and *Cobb & Erwin,* for plaintiffs in error. *Calhoun & Rambo,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

In an equitable action a final decree was rendered, declaring certain land to belong to the complainants and enjoining the defendant, his guardian, and all persons acting for him, from claiming any of it or disparaging the plaintiffs' title by any claim of title to the land. The defendant thus enjoined was a minor, over fourteen years of age, and approaching his majority. His guardian was made a party with him, and a guardian ad litem appointed. After becoming twenty-one years of age, he brought suit to recover an undivided interest in land involved in the former suit. Proceedings were instituted to attach him and his attorneys for contempt in violating the injunction. The only response was that the former decree was a nullity for want of proper service, and

that the process against his general guardian did not describe him as such.

1. A void judgment may be attacked collaterally. "In all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." Civil Code (1910), § 5968. If the final decree enjoining the defendant and those acting for him, rendered in the former suit, was a mere nullity, a violation of it would not be ground for attaching the respondents. If it was not void, they could be punished for disobeying it. When one sits in judgment on a decree of a superior court, and intentionally violates an injunction as being a nullity, instead of seeking to set it aside, he takes the risk of the correctness of his own judgment on the subject. Does it appear that the former decision was a nullity?

An entry of service is the usual evidence that service has been perfected. An adult may acknowledge service or waive it. A minor defendant can not bind himself by an acknowledgment of service. In the absence of any statutory provision as to service on a minor, there is no little conflict of authority as to what is void and what is voidable. Many authorities hold that a judgment or decree against a minor is voidable, but not void. Porter *v.* Robinson, 3 A. K. Mar. (Ky.) 253 (13 Am. D. 153, 159, note); 10 Enc. Pl. & Pr. 600, 641 et seq.

Where a statute requires personal service on a minor, it must be followed. In this State, prior to 1876, it was the practice in equity cases to appoint a guardian ad litem for a minor defendant without service on such minor personally; and service on such guardian ad litem was treated as sufficient. *Adams* v. *Franklin,* 82 *Ga.* 168, 176 (8 S. E. 44). In that year an act was passed in which provision was made as to the mode of service of writs, petitions, citations, and other legal proceedings on minors. After prescribing the method of service upon minors under fourteen years of age, it declared as follows: "If the minor is over fourteen years of age, service may be made by delivering to him personally such copy. When the returns of such service are made to the proper court, and order taken to appoint said minor a guardian ad litem, and such guardian ad litem agrees to serve, all of which must be shown in the proceedings of the court, then said minor shall be considered a party to said proceeding." Civil Code (1910), § 5565.

Some of the members of this court are of the opinion that, under the language of this law, it is necessary for the return of service, the appointment of a guardian ad litem, and his agreement to serve to be shown in the proceedings of the court, in order for the minor to be considered a party defendant and for the case to be ready to proceed to final decree. They think that, under such express provisions, where the proceedings do not show the service, the judgment is at least prima facie void; and that an absence of evidence of service thus expressly required by the statute can not be cured by the general presumption in favor of judgments of courts of competent jurisdiction in cases not governed by such a statute. See concurring opinion of Evans, Lumpkin, and Atkinson, JJ., in *Peavy* v. *Dure,* 131 *Ga.* 104, 115 (62 S. E. 47). But it has been held by a decision of the entire bench that the general presumption does apply to such a case, and that a decree of a court of equity affecting minors will not be treated as void because the record of the proceedings upon which it was based does not affirmatively show that service upon all parties at interest was duly made. *Wagnon* v. *Pease,* 104 *Ga.* 417 (30 S. E. 895). This decision can not be modified or reversed save by the concurrence of all of the Justices; and some of them adhere to the ruling. *Peavy* v. *Dure,* supra. It was not held, however, that such presumption was conclusive. In this connection see Moore *v.* Starks, 1 Ohio St. 369, 372, 373. If the record shows affirmatively that no service has been made as required by the statute, a judgment dependent upon such service having been made is void on its face. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25). In *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395), where a suit was brought against a minor for a tort, and personal service was made upon him, but no guardian ad litem was appointed in accordance with the act of 1876, a judgment rendered against the minor by default was held to have been properly set aside on motion therefor. *Douglas* v. *Johnson,* 130 *Ga.* 472 (60 S. E. 1041); *Miller* v. *Luckey,* 132 *Ga.* 581 (64 S. E. 658). There is no doubt that the entry of service on a minor defendant ought to be made to appear properly of record, and that a judge ought not to allow a case to proceed to judgment against a minor without this having been done. But it is not every error or failure in correct practice which

will render a judgment void on its face. *Jones* v. *Bibb Brick Co.,* supra.

Tested by these principles, how stands the case under consideration? Process was prayed both against the minor and his guardian. There was an entry of service by the sheriff on the guardian. No entry by the officer appeared in the record as to service on the minor. If the record were entirely silent on this subject, under the decisions above cited, after the rendition of the decree a presumption of service on the minor would arise, though it would not be conclusive. But the record is not wholly silent on the subject of service upon the minor. It was recited in an order that it appeared to the court that the minor and his guardian had each been served with copy and process "duly and legally," and thereupon a guardian ad litem was appointed to represent the minor, and accepted the trust. It is true that, after such appointment, both the minor and the guardian ad litem signed an acknowledgment of service and waiver of process and further notice, and a request that the court try the case at a certain term of the superior court; but this does not necessarily prove that the prior recital of service on the minor was untrue. The final decree recited that the minor defendant by counsel, his guardian ad litem, his general guardian, and his father were all present defending the suit; and that, after the submission of evidence, the argument of counsel, and the charge of the court, the jury rendered a verdict in favor of the plaintiffs. It can not be declared that the verdict and decree thereon were mere nullities on their face.

On the hearing of the attachment proceedings the respondents introduced certain affidavits, in which the affiants declared the former proceedings to be void for want of proper service on the minor, and used the expression that the minor "having never been served with a copy of the petition in said case, or with process attached to such copy, by the sheriff, as required by law, the said Taliaferro was not before the court at the time the said decree is said by petitioners, and appears, to have issued." But in connection with these affidavits the bill of exceptions states that "It was admitted by respondents, upon the trial of said case, that [such affidavits] were not offered to prove any fact dehors the record" in the former case. They apparently amounted to no more than

a contention of the respondents that the record of the former case showed on its face that the decree was void.

From what has been said above it will be seen that the former decree does not appear to be a nullity; and the presiding judge did not err in holding that the respondents failed to show that they were justified in disregarding it.

It must be borne in mind that what is said as to serving a minor and bringing him before the court before rendering judgment against him has reference to judgments following service. It does not affect the power of a judge to issue a temporary restraining order, or authorize a minor to knowingly disobey it on the ground that formal service has not been made, any more than it would authorize an adult to do the same thing. Minority may be used to protect the minor, but it furnishes no license to him to commit irreparable injury upon another.

2. The contention that the judgment was void as against the minor, because of inaccuracy in failing to describe his general guardian as such in the process annexed to the declaration, is without merit. The minor was over fourteen years of age. In order to serve him, under the statute above quoted, service on his general guardian was not essential. If for any reason the guardian was a necessary or proper additional party, irregularity in describing him in the process would not make the entire proceeding void as against the minor. Moreover, the entry of the sheriff shows that the guardian was served; and a recital in the final decree shows that he was present and took part in the defense of the case; and there is nothing to show that any objection was made to the form of the process.

*Judgment affirmed. All the Justices concur, except Evans, P. J., disqualified, and Hill, J., not presiding.*