BROWN *v.* ANDERSON, administrator, *et al.*

No. 12181. JUNE 14, 1938.

*Edward F. Taylor, William H. Sanders,* and *Thomas A. Jacobs Jr.,* for plaintiff in error.

*Ryals, Anderson & Anderson, James C. Estes,* and *Arthur Lewis,* contra.

JENKINS, Justice. 1. While under the Code, § 3-115, a suit commenced and prosecuted by an infant alone is not void, and the defect of want of a guardian or next friend, being amendable, is cured by verdict, yet under § 37-1003, in suits against persons not sui juris, they must appear either by guardian or next friend or guardian ad litem appointed by the court; and under § 81-212, before a minor shall be considered a party to a proceeding against him, there must have been service, return of service, and an order taken appointing a guardian ad litem, with an agreement by such guardian ad litem to serve. Waivers or estoppels not ordinarily being imputable against infants, except an estoppel in pais based on fraud and deceit by an infant who has reached an age of discretion when fraud can be imputed against him (*Jones* v. *Cooner,* 137 *Ga.* 681, 683, 74 S. E. 51; *Irwin* v. *Morell, Dudley (Ga.),* 72, 76; *Whittington* v. *Wright,* 9 *Ga.* 23 (4), 28; *Clemons* v. *Olshine,* 54 *Ga. App.* 290, 293, 187 S. E. 711, and cit.), the mere filing of an answer and participation by an infant in legal proceedings or a trial, in his own behalf or through an attorney at law employed by him, would not operate as an estoppel or legal waiver of the statutory requirements. Nor would a recital in the answer of the infant that it was filed through his guardian create such an estoppel or otherwise bind the infant, where under the undisputed evidence the guardian did not employ the attorney, and the statement was made without knowledge of the guardian or the infant. Where, as in this case, there was no compliance with the statutory requirements, a judgment against the infant would be subject to be set aside. *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859, 860 (53 S. E. 395); *Nicholson* v. *Wilborn,* 13 *Ga.* 467

(3); *Douglas* v. *Johnson*, 130 *Ga.* 472 (2) (60 S. E. 1041); *Taliaferro* v. *Calhoun*, 137 *Ga.* 417, 420 (73 S. E. 675); *Miller* v. *Luckey*, 132 *Ga.* 581, 582 (64 S. E. 658); *Spooner* v. *Spooner*, 178 *Ga.* 105 (2), 110 (172 S. E. 5).

2. "In cases of difficulty in . . distributing estates, in ascertaining the persons entitled, . . the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution." Code, § 37-404. Irrespective of whether or not in a strict bill of interpleader, with an infant defendant, the case, with respect to the claim of such infant, could be treated as a "suit commenced and prosecuted by an infant alone," so as to render a failure to appoint a guardian ad litem for such infant a "defect . . cured by verdict," under the Code, § 3-115 (see *Smith* v. *Horton*, 144 *Ga.* 496, 87 S. E. 655; *Conway* v. *Caswell*, 121 *Ga.* 254 (3), 259, 48 S. E. 956, 2 Ann. Cas. 269), the instant equitable petition by an administrator, praying for the direction of the court as to how the estate should be distributed, was on its face a bill for direction, and not a bill of strict interpleader. Nor did the verdict give or deny any money recovery to the infant defendant; but it merely found that one of the other two claimants was the "common-law wife" of the deceased, and that the third claimant was "not" his "legitimate child." Nor did the decree provide for any money recovery; but it directed the administrator to distribute the estate by accepting "as a fact" that the common-law wife and the infant, the undisputed legitimate child, "constitute [the] sole heirs at law." Accordingly, since such a proceeding by the administrator for direction can not be treated as a "suit commenced and prosecuted by an infant alone," the failure to comply with the statutory requirements as to properly making the infant a party can not be taken as a "defect . . cured by verdict."

3. While the facts of infancy and the invalidity of the proceedings by failure to comply with the statutory requirements were brought to the attention of the trial court by the infant through his attorney in a motion designated as an amendment to his motion for new trial, it will be taken as in effect an appropriate motion to set aside the verdict and judgment, and as being joined in by the legal guardian, who did not appear prior thereto, since her affidavit stating the facts was made a part of the motion, and since the trial judge in his final order, with all parties thus before him,

designated and treated the motion as one "to set aside and vacate said verdict and judgment," filed by the infant and his guardian, and "overruled and denied" the motion as such. For the reasons stated, the judgment overruling such motion to set aside was error.

*Judgment reversed. All the Justices concur.*