40114. KRASNER v. MULLINS et al.

DECIDED JUNE 18, 1963—REHEARING DENIED JULY 8, 1963.

*James E. Hardy, William N. Robinson,* for plaintiff in error.
*Joe C. Freeman, Jr., Paul M. Hawkins,* contra.

JORDAN, Judge. 1. According to the evidence adduced in behalf of the defendants, the occurrence in controversy involved the collision of four vehicles and occurred in the following manner: Rufus T. Pinyon, the driver of the first vehicle, stopped his automobile in order to avoid striking a truck which had turned left into his lane of traffic; the plaintiff, who was operating the

second vehicle, failed to bring his automobile to a stop in time to avoid striking the rear of the Pinyon automobile; and the defendants who were in the third vehicle were able to stop in time to avoid striking the rear of the plaintiff's vehicle but were struck from behind by the fourth vehicle, the impact of which forced them into the rear of the plaintiff's automobile but only after it had struck the rear of the Pinyon automobile. While this evidence was strongly contradicted by that presented in behalf of the plaintiff, the jury was authorized to find that the plaintiff's alleged injuries were caused by his own negligence and by the act of the defendants' vehicle being propelled into the plaintiff's automobile for which act they were not responsible. The general grounds of the motion for new trial are therefore without merit.

2. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked, and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin v. Henderson,* 117 Ga. 382 (2) (43 SE 712) ; *Moore v. Mobley,* 123 Ga. 424 (2) (51 SE 351) ; *Porter v. Chester,* 208 Ga. 309 (2) (66 SE2d 729) ; *Davis v. Stephens,* 45 Ga. App. 227 (3) (164 SE 111). Under the decisions cited above grounds 4, 5, 6 and 7 of the motion for new trial, which complained of the refusal of the trial court to permit witnesses for the plaintiff to answer certain questions propounded to them upon direct examination, are too insufficient to raise any question for consideration since it is not stated in said grounds that the court was informed at that time as to what answers would be given by the witnesses had they been allowed to answer the questions. Without such knowledge, it cannot be determined that the excluded testimony would have benefited the complaining party.

3. The trial court did not err as contended in ground 8 in refusing to declare a mistrial on motion of the plaintiff because of an alleged improper question propounded to the plaintiff by the defendants' counsel on cross examination. The record discloses that upon said question being asked, plaintiff's counsel

objected, the jury was retired, and after argument of counsel the court sustained the objection to said question; and we do not think that the trial judge abused his discretion in denying the plaintiff's motion for mistrial which was made after a favorable ruling on the objection had been invoked. Nor was the failure of the court to inform the jury without solicitation from the plaintiff's counsel that said objection had been sustained in their absence cause for reversal of this case as contended in ground 9. See *Sisk v. State,* 182 Ga. 448 (7) (185 SE 777); *Maner v. State,* 181 Ga. 254 (181 SE 856); *May v. State,* 185 Ga. 335, 339 (195 SE 196); *Home Ins. Co. v. Montgomery,* 59 Ga. App. 173, 175 (9, 10, 11, 12) (200 SE 168).

4. Ground 10 assigns error on the refusal of the trial court to admit in evidence a copy of the police report of the occurrence in controversy, prepared by the investigating officer. It is unnecessary to consider the merits of this ground since the record discloses that the investigating officer who prepared said report was called as a witness by the plaintiff and, using said report to refresh his memory, gave testimony which was substantially the same as the contents of said report.

5. Grounds 11, 12 and 13 which assign error on three excerpts from the charge of the court which injected the issue of the plaintiff's negligence into the case on the ground that the evidence did not authorize a finding that the plaintiff was negligent are without merit. See Division 1 of the opinion.

The remaining special grounds have been abandoned.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*