40577. DAVENPORT et al. v. ROBINSON by Next Friend.

DECIDED MAY 21, 1964.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiffs in error.
*E. J. Clower,* contra.

BELL, Presiding Judge. For a verdict to have been reached on the trial of the case, either for the plaintiff or for the defendant, the first essential detail the jury had to bring to a conclusion was the issue on liability. Liability in this case rested solely on the jury's determination as to who was at fault in this rear-end automobile collision. The issue was raised by the pleadings and there is in the record at least some evidence addressed to the problem.

The extract from the charge of the court of which the plaintiff complains bears directly on the issue of liability. The extract is a selection of language taken from a paragraph of the instructions which is complete within itself. For this reason we feel the extract should be considered in relation to the whole. The full paragraph as presented to the jury is as follows:

*"I charge you that the law of Georgia also states that all drivers of vehicles using the highways are held to the exercise of due care.* A leading vehicle has no absolute legal position superior to that of one following. Each driver is required by law to exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course, without adequate warning to the following vehicle of his intention to do so. The driver of the following vehicle in his turn must exercise ordinary care to avoid collision with vehicles, both in front and those behind him. *The mere fact that one vehicle is struck in its rear, while another is not struck, is not in and of itself sufficient to fix liability on the driver of either vehicle."* (The emphasis is ours and is used merely to identify the portions of the paragraph which were not contained in the special ground.)

This instruction, it is to be seen, is derived almost verbatim from a previous decision of this court delivered in an automobile rear end collision case. *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755). Having been approved by the court and standing unreversed, there can be no question that it depicts a correct statement of the law.

In this case the extract was addressed to a primary issue which had been raised by the pleadings and the evidence. It expressed legal truths bearing impartially on the defendant and on the plaintiff. In this status the court properly included the extracted portion of the charge in its instructions to the jury. *Brown v. Matthews,* 79 Ga. 1, 7 (2) (4 SE 13).

The trial court erred in granting the plaintiff's motion for a new trial on the special ground.

*Judgment reversed with directions to trial court that the final judgment for the plaintiff in the amount of $650 be reinstated. Jordan and Eberhardt, JJ., concur.*