43259. DILLS v. COOPER.

PANNELL, Judge. 1. "Negligence on the part of one alleged to be a joint tortfeasor is not too remote as a matter of law to enter into the proximate cause of injury inflicted on a nonnegligent plaintiff if the tortfeasor might reasonably have anticipated that, as a result of his own negligence in creating a dangerous situation, the negligence of another, operating in conjunction with his own negligent act, would cause injury to the plaintiff." *Washington v. Kemp*, 97 Ga. App. 235 (2) (102 SE2d 910).

2. "One who is himself violating the traffic laws of this State is not entitled to the benefit of the presumption that other persons traveling along the road will observe such laws, but must anticipate that others, like himself, will be negligent in respect thereto." Id., Hn. 3.

3. "Accordingly, a petition alleging that the demurring defendant stopped his automobile on" an expressway "in such manner as to block traffic following him, in violation of law," that the vehicle immediately behind was able to pass in the lane to the right, "that the plaintiff [the second car behind the demurring defendant] . . . was forced to halt behind the defendant's vehicle (being unable to pass because of oncoming traffic) and that a fourth" and fifth "vehicle, traveling" at a rapid rate of speed in excess of the speed limit, "crashed into the line of cars and inflicted injury on the plaintiff, sufficiently presents a jury question both as to whether the demurring defendant was negligent and, if so, whether his negligence concurred with that of the co-defendant[s] in inflicting the plaintiff's injuries." *Washington v. Kemp,* supra, Hn. 4.

4. Whether or not there are distinguishing characteristics in the case of *Tucker v. Star Laundry & Cleaners, Inc.,* 100 Ga. App. 175 (110 SE2d 416), we do not determine. If there are no distinguishing characteristics, the case of *Washington v. Kemp,* supra, being an older case and a case decided by six judges, is controlling and must be followed.

5. The trial court did not err in overruling the general demurrer of the defendant Dills to the plaintiff's petition.

> *Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

Argued January 5, 1968—Decided January 15, 1968.

*N. Forrest Montet,* for appellant.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., Elliott H. Levitas, Alston, Miller & Gaines, Floyd T. Whitaker, John K. Train, III, Neely, Freeman & Hawkins, Ben G. Harper,* for appellee.