43634.    O'NEIL et al. v. MOORE.

Argued May 8, 1968—Decided September 5, 1968— Rehearing denied October 1, 1968.

*Greer & Murray, Malcolm S. Murray, Russell G. Turner, Sr.,* for appellants.

*John N. Crudup,* for appellee.

Jordan, Presiding Judge. ■ The defendants as the appellants here limit their brief to four issues, but in respect to two of these issues they merely restate the enumerations of error to the effect that the court erred in admitting the testimony of a police officer as to how the collision occurred, and that he also erred in certain respects in acting on requested instructions, repeating in respect to the latter the citation in the enumerated error to *Code Ann.* § 70-207, which is codified from Section 17 of the Appellate Practice Act as amended. See Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498.

The first of these two issues is clearly unsupported by citation of authority or argument, and Rule 17(c) (2) of this court applies. If in respect to the second we regard the citation to *Code Ann.* § 70-207 as sufficient to avoid application of Rule 17(c) (2), the enumeration, as repeated in the brief, is not directed to any error in the instructions, as given or omitted, but instead refers only to ancillary procedural matters, i.e., an asserted refusal to permit counsel to state .into the record his objection to the failure and refusal to give certain written

426

requests to charge, the failure to file with the clerk all requests as submitted, and the judge's failure to inform counsel before argument to the jury of his proposed action on requests. The cited law is explicit (see Subdivisions (a) and (b) ) as to how the trial court shall proceed, so as to enable counsel to preserve issues as to charges given or omitted, including requested instructions, but even if the proceedings were not conducted by the trial court in accordance with these requirements for the reasons set forth in the enumeration, and from the record and transcript it is by no means clear what actually took place, we will not presume harmful error from this showing alone.

■ The plaintiff in her petition alleged the defendant's minority and prayed for the appointment of a guardian ad litem. A rule nisi issued to the defendants, but the record is silent as to any further action until the defendants, after verdict and judgment, moved to set aside the judgment of November 7, 1967, because no guardian ad litem was ever appointed. There is no dispute that the defendant owner of the front vehicle was born on January 24, 1947, and that his defendant brother, the driver, was born on August 15, 1948. The court, in refusing to set aside the judgment, determined that the defendants had waived any right to representation by a guardian ad litem, and expressly predicated his determination on the provisions of Subsection 9 (a) of the Civil Practice Act, infra. In his order he notes the fact of representation by competent counsel directly on behalf of the individual defendants and for an intervening insurer defending the action on account of the plaintiff's uninsured motorist coverage.

Although the case arose before the effective date of the new Civil Practice Act on September 1, 1967, the jury trial took place thereafter without an affirmative determination by the trial court to apply the old procedure, and the new procedure was automatically applicable. See Ga. L. 1966, pp. 609, 671; Ga. L. 1967, pp. 8, 226, 250 (*Code Ann.* § 81A-186). Under the law before the Act and still in effect the court could appoint a guardian ad litem to protect the interests of a minor in litigation. *Code* § 49-111. The new Act provides in pertinent part that the court shall appoint a guardian ad litem for an infant

not otherwise represented in an action or shall make such order as he deems proper for the protection of the infant. Subsection 17(c) of the Act (Ga. L. 1966, pp. 609, 630; *Code Ann.* § 81A-117(c) ). The Act expressly relieves a party of the necessity of alleging the capacity to sue or be sued, and places upon the party desiring to raise the issue the obligation to do so by specific negative averment. Subsection 9(a) of the Act (Ga. L. 1966, pp. 609, 620; *Code Ann.* § 81A-109(a) ). A party waives the issue of jurisdiction over the person, and certain other matters, if he does not raise the issue in a responsive pleading, as originally filed, or omits the issue in a motion properly made when the defense is then available. See Subsections 12(g) and (h) (1) of the Act, as amended (Ga. L. 1966, pp. 609, 624; Ga. L. 1967, pp. 226, 231; *Code Ann.* § 81A-112(g), (h) (1) ).

While the appellants rely on holdings prior to the Civil Practice Act (e.g., *Brown v. Anderson*, 186 Ga. 220 (197 SE 761) ), to the effect that waivers or estoppels, with certain exceptions, do not operate against infants, in the absence of compliance with statutory requirements for a guardian ad litem, we do not consider such holdings controlling on the facts of the present case under present law. The fact that the defendants were minors was apparent on the face of the pleadings from the commencement of the action, the plaintiff knew they were minors, the defendants, though of voting age, knew they were minors, and their counsel knew they were minors—yet through counsel they filed responsive pleadings admitting residency and jurisdiction and otherwise pleading to the merits of the petition. The court allowed State Farm Mutual Automobile Insurance Company (under plaintiff's uninsured motorist coverage) to intervene and file defensive pleadings, and on behalf of the defendants the intervenor moved for summary judgment on the ground that there was no genuine issue as to a material fact. After the trial court denied this motion, a jury was struck and the case proceeded to trial. At no stage of the above mentioned pleadings was the defense of minority raised in any manner. After verdict and judgment for plaintiff, defendants, through the intervenor insurance company, moved for judgment n.o.v. which was denied and later moved to set aside

the judgment based on the fact that the defendants were minors. In other words, when the jury verdict and all rulings had gone against them, their ace in the hole was finally thrown on the table in a tactic commonly referred to as "sandbagging." The trial court wisely and promptly viewed such motion as having no merit and denied it. A contrary ruling under the facts here would have been a travesty upon the courts and justice.

It seems clear that one of the intentions of the Civil Practice Act was to prevent just what happened in this case—going to trial and gambling on the verdict when a known defense to the suit is available. This is the purpose of Subsections 12 (g) and (h) (1) of the Act requiring parties in pleadings and motions to plead defenses then known and available under penalty of waiver of the same.

It is also clear that Subsection 17 (c) of the Act intended that the trial court be given discretion in the matter of appointment of a guardian ad litem for it provides that the court *shall* appoint *or* make such order as he deems proper for the protection of the minor. Under the situation prevailing in this case—defendants 18 or 19 years old, represented by competent counsel, the intervenor insurance company adequately represented, and all parties dealing at arm's length on the merits of the case—it would be discretionary and not mandatory on the court as to the appointment of a guardian ad litem. See *McBerry v. Ivie,* 116 Ga. App. 808, 812 (159 SE2d 108). This record is utterly void of a showing that the rights of the minor defendants were not fully protected or that by the formal appointment of a guardian ad litem a different result would have been reached by the jury or the court on any of its rulings.

It was said in Rutland v. Sikes, 203 FSupp 276, 277, involving a substantially analogous situation, "Everything was done for the minor defendant by his father and his able and experienced attorneys that could have been done if a guardian ad litem had been formally appointed." We think the same could be said here in respect to representation by counsel. Most assuredly counsel was aware that no guardian ad litem had been appointed, and there is nothing to disclose that the defendants were in any way deprived of adequate representation by the lack of such a guardian.

Therefore, the trial judge did not abuse his discretion in refusing to set aside the judgment on this issue raised for the first time after verdict and judgment.

█ In asserting error on the refusal of the court to grant judgment n.o.v. the defendants contend that the evidence is insufficient as a matter of law to support a recovery for the plaintiff, basing their argument in the main on the premise that the plaintiff, as the driver of the rear vehicle, is chargeable with negligence which would bar recovery as a matter of law. The evidence, in the light most favorable to the plaintiff, shows that the driver of the front vehicle stopped his vehicle suddenly in the lane next to the median where stopping was unauthorized for the purpose of making an unauthorized left turn across the median in a vehicle not equipped with turn lights, although he gave a hand signal, and that the plaintiff, although applying the brakes, was unable to stop her vehicle in time to avoid impact.

In *Hay v. Carter*, 94 Ga. App. 382, 384 (94 SE2d 755), this court quoted with approval the language from Cardell v. Tennessee Electric Power Co., 79 F2d 934, 936, as follows: "All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to the following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both in front and those behind him." Also, see *Washington v. Kemp*, 97 Ga. App. 235 (102 SE2d 910); *Krasner v. Mullins*, 108 Ga. App. 171 (132 SE2d 533); *Davenport v. Robinson*, 109 Ga. App. 753, 755 (137 SE2d 380); *Boner v. Soltero*, 110 Ga. App. 517 (139 SE2d 162); *Dills v. Cooper*, 117 Ga. App. 95, 96 (4) (159 SE2d 501).

Who was at fault, partially or wholly, in causing the rear-end collision under the evidence, was properly a matter for jury determination under appropriate instructions, including the diminution of damages under the Georgia rule, as was done in this case. A verdict for either the plaintiff or the defendants being

authorized, but not demanded, the court did not err in refusing to direct a verdict for the defendants or to grant a judgment n.o.v.

*Judgment affirmed. Bell, P. J., Hall and Quillian, JJ., concur. Whitman, J., concurs in the judgment. Felton, C. J., Eberhardt, Pannell and Deen, JJ., dissent from the ruling in Division 2.*

PANNELL, Judge, dissenting. I feel compelled to dissent in view of the ruling in *Brown v. Anderson*, 186 Ga. 220 (1) (197 SE 761), because that case answers all of the arguments of the majority about the so-called inequities and injustices of the situation and also answers the majority claim that their holding prevents a minor defendant from "sandbagging" the plaintiff, and because the changes made by the Civil Practice Act have created no changes in the substantive law or the procedure which would make the ruling in *Brown v. Anderson* inapplicable here. The ruling in that case is as follows: "While under the *Code*, § 3-115, a suit commenced and prosecuted by an infant alone is not void, and the defect of want of a guardian or next friend, being amendable, is cured by verdict, yet under § 37-1003, in suits against persons not sui juris, they must appear either by guardian or next friend or guardian ad litem appointed by the court; and under § 81-212, before a minor shall be considered a party to a proceeding against him, there must have been service, return of service, and an order taken appointing a guardian ad litem, with an agreement by such guardian ad litem to serve. *Waivers or estoppels not ordinarily being imputable against infants, except an estoppel in pais based on fraud and deceit by an infant who has reached an age of discretion when fraud can be imputed against him (Jones v. Cooner, 137 Ga. 681, 683 (74 SE 51); Irwin v. Morell, Dudley (Ga.), 72, 76; Whittington v. Wright, 9 Ga. 23 (4), 28; Clemons v. Olshine, 54 Ga. App. 290, 293 (187 SE 711), and cit.), the mere filing of an answer and participation by an infant in legal proceedings or a trial, in his own behalf or through an attorney at law employed by him, would not operate as an estoppel or legal waiver of statutory requirements. Nor would a recital in the answer of the infant that it was filed through his guardian create such an estoppel or otherwise bind the infant,* where under the undisputed evi-

dence the guardian did not employ the attorney, and the statement was made without knowledge of the guardian or the infant. *Where, as in this case, there was no compliance with the statutory requirements, a judgment against the infant would be subject to be set aside. Maryland Cas. Co. v. Lanham,* 124 Ga. 859, 860 (53 SE 395); *Nicholson v. Wilborn,* 13 Ga. 467 (3); *Douglas v. Johnson,* 130 Ga. 472 (2) (60 SE 1041); *Taliaferro v. Calhoun,* 137 Ga. 417, 420 (73 SE 675); *Miller v. Luckey,* 132 Ga. 581, 582 (64 SE 658); *Spooner v. Spooner,* 178 Ga. 105 (2), 110 (172 SE 5)." (Emphasis supplied.)

Let us examine the status of the law before the *Brown v. Anderson* ruling was applied. *Code* § 81-212, as it stood under the *Brown v. Anderson* case, required the appointment of a guardian ad litem for a minor, which guardian shall consent to serve, and that the petition and process be served upon the minor. This Code section was repealed for certain purposes by Section 40 (a) of the amendment to the Civil Practice Act approved March 30, 1967 (Ga. L. 1967, pp. 226, 244). Section 4 (d) (3) requires that service be made by delivering a copy of the suit and summons "[i]f against a minor, to such minor, personally, and also to his father or his mother or his guardian or his duly appointed guardian ad litem." Section 17 (c) of the Civil Practice Act provides that: "Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." It is apparent that there is no substantial difference in the requirements of the old and the new law. The phrase in the last sentence of Section 17 (c) "not otherwise represented" refers to representation by a general guardian, committee, conservator or other like fiduciary as stated in the first sentence and is very similar to the language of old *Code* § 81-212.

It is argued that Section 9 (a) of the Civil Practice Act requires a defendant who is a minor to raise the issue as to the capacity in which he is sued. The Act apparently places this burden upon every person without expressly referring to minors as such. The same was true under the law prior to the Civil Practice Act. *Code* § 81-307 provided: "Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's cause of action; *all other matters in satisfaction or avoidance must be specially pleaded.*" This section is just as all inclusive as Section 9 (a) of the Civil Practice Act (*Code Ann.* § 81A-109 (a)) and apparently includes minors. It is obvious therefore that Subsection 9 (a) of the Civil Practice Act has made no changes requiring the abandonment of principles set forth in *Brown v. Anderson,* supra, that is, that a minor cannot waive his right to be served and made a party in the manner prescribed by law. The majority opinion ignores this principle which is just as applicable now as it was when *Brown v. Anderson* was decided. I do not deem it amiss to point out at this point that no fraud has been practiced by the minors. They have not obscured or deliberately hidden the fact that they were infants as was done in *Roebuck v. Payne,* 109 Ga. App. 525 (1) (136 SE2d 399). On the contrary, the plaintiffs well knew of their infancy and continued the prosecution of this case and tried the same with full knowledge of the minority of the defendants and with full knowledge that they were not properly made parties to the case under the requirements of the Civil Practice Act and with full knowledge that the judge, in the alternative, had made no "such order as he deems proper for the protection of the infants" under Section 17 (c) of the Civil Practice Act. Such alternative order, if made, is one which must be made prior to the trial and an order made subsequently thereto by overruling a motion to vacate the judgment cannot be considered as meeting the requirements of the Act. No such alternative order was ever made. In fact, the trial court, upon motion contained in plaintiff's petition alleging the minority of the defendants, had done the contrary as he had issued a rule nisi to show cause why a guardian ad litem should not be appointed.

I therefore reach the conclusion that where it unequivocally appears that the plaintiff had knowledge of the defendants' minority, the action of the defendants, represented by an attorney, in defending the action, neither constitutes a waiver of their right to plead their minority by way of a motion to set aside the verdict and judgment rendered against them, nor does it constitute a fraud upon the plaintiff, who had full knowledge of and pleaded their minority. In my opinion, the trial court erred in refusing to set aside the verdict and judgment against the defendants.

I am authorized to state that Chief Judge Felton and Judges Eberhardt and Deen, concur in this dissent.