### 46625.   WEATHERSBY v. ECHOLS et al.

HALL, Presiding Judge. Plaintiff in a personal injury action appeals from the grant of summary judgment for defendants.

Plaintiff's automobile crashed into the rear of defendants' truck which was parked completely in the traffic lane of a state highway at an intersection having a stop sign. (The driver chose this unlikely spot to check his tires). Plaintiff's pleadings and deposition state that she believed until she was quite close to the truck that it was in motion and turning into the intersection because the cab was past the stop sign; that she applied her brakes but had a power failure affecting both brakes and steering; and that she was unable to do anything but go straight on.

Defendants contend the summary judgment was proper as

the evidence demands a finding that the power failure was the proximate cause of the collision and under the law was an intervening cause which relieved them from liability for any negligent act of theirs.

Giving the plaintiff the benefit of all inferences on the defendants' motion for summary judgment, we cannot say as a matter of law that the power failure was the sole proximate cause of the collision. *Dills v. Cooper,* 117 Ga. App. 95 (159 SE2d 501); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

The trial court erred in granting summary judgment.

*Judgment reversed. Clark, J., concurs. Eberhardt, J., concurs in the judgment.*

ARGUED OCTOBER 5, 1971—DECIDED JANUARY 6, 1972—REHEARING DENIED JANUARY 21, 1972—

*Odom & Dendy, Florence Hewlett Dendy, Griffin & Houston, Francis Houston,* for appellant.

*Kopp & Peavy, J. Edwin Peavy,* for appellees.