36994. WASHINGTON *v.* KEMP.

236

DECIDED FEBRUARY 27, 1958.

*Burt & Burt, W. H. Burt,* for plaintiff in error.

*George L. Sabados,* contra.

CARLISLE, Judge. Taking the allegations of the petition as true, there is no question but that the conduct of the defendant Washington in halting his automobile in such manner as to block traffic following him on a heavily travelled road constituted negligence, and that his violation of Code (Ann.) § 68-1670 (15) requiring vehicles traveling on state-aid roads to be at least 12 feet from the center line thereof when stopped or parked constituted negligence per se. This negligence was passive as to the plaintiff; she having succeeded in stopping her vehicle when she saw that the road ahead was blocked, could no longer be injured by the negligence of Washington alone. But, there is no doubt that, had Washington not stopped, neither the plaintiff's vehicle nor the Hays car would have stopped. Therefore, but for the negligence of Washington, the plaintiff would not have been in a position where the negligence of the other defendant, Jones, could injure her, but with Jones' negligence *added to* that of Washington the injury became inevitable. Thus, because of the passive negligence of one defendant, the plaintiff was compelled to remain within the path of active and violent negligence of another and was prevented from escaping the effects of the latter. The question for decision is whether in such a case it must be held as a matter of law that the latter act is the sole proximate cause of the injuries received. The rule to be applied, as stated in 38 Am. Jur. 731, § 72 and quoted in *Pittman* v. *Staples,* 95 *Ga. App.* 187, 192 (97 S. E. 2d 630) is as follows: "One who acts negligently is not bound necessarily to anticipate that another person will be negligent after the latter has discovered the danger arising from the former's negligence. The first actor, however, is not permitted to assume that the second actor will discover the danger caused by the first actor's negligence. Accordingly, where the second actor, after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in respect of the dangerous

situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident. However, if the second actor does not become apprised of the danger arising from the first actor's negligence until after his own negligence, added to the existing peril, has made an accident with injurious consequences inevitable, both actors are liable, since the negligence of the one concurs with the negligence of the other proximately to cause the injury." To paraphrase, Washington, the first negligent actor, may not assume, so as to shield himself from liability, that Jones would discover his negligence in blocking the thoroughfare and by discovering be able to avoid it. Whether Jones did, or should have discovered and avoided Washington's negligence before the collision became inevitable is a question for jury determination, and if upon the trial of the case it appears that this was the fact, then Washington would have no liability for the consequences, but, if not, the liability, like the negligence, would be concurrent. Where one, by his negligence, creates a dangerous situation which is not, however, in itself harmful, whether or not his negligence concurs with a subsequent and independent act of negligence on the part of another to cause injury depends primarily upon whether the latter act of negligence might ordinarily and in the usual course of events have been anticipated by the defendant; if not, it is too remote to stand as an integral part of the proximate cause. In this respect, the rule is that while ordinarily one may assume that others will obey the law and need not anticipate negligence resulting from prohibited conduct, this rule does not apply to one who is himself violating the law relating to traffic on the highways, and "this being true, it was incumbent upon [him] to anticipate that others, like [himself], might disobey the traffic laws and regulations. *Central Railroad & Banking Co.* v. *Smith*, 78 *Ga.* 694 (4) (3 S. E. 397); *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (8) (118 S. E. 488)." *Williams* v. *Grier*, 196 *Ga.* 327, 338 (26 S. E. 2d 698). In *Bozeman* v. *Blue's Truck Line, Inc.*, 62 *Ga. App.* 7, 9 (7 S. E. 2d 412), it was held: "It is our opinion that the legislature, in making it a crime to park on the highway within eight feet of the center line enacted the law for the

benefit of all persons who might *meet* or *follow* the parked vehicle, and its purpose was to avoid collisions by persons coming from behind the parked vehicle and those meeting it. We thus conclude that the illegal parking was negligence as to the plaintiff, which necessarily means that as a matter of law the driver of the truck was bound to anticipate that another might attempt to pass the parked truck from behind and injure one approaching from the front." The same rule was applied in *Pittman* v. *Staples, 95 Ga. App.* 187, supra, where, instead of attempting to pass the parked car and thereby running into oncoming traffic, the driver named as a codefendant was unable to stop behind the parked vehicle and ran into it. The plaintiff in error contends that these cases are distinguishable in that the negligence attributable to the illegal parking and blocking of the highway in those cases played a more active and immediate part in the collision, and this contention is based at least in part on the proposition that here the plaintiff's car was not a part of the oncoming traffic but was sandwiched between the parked car of the defendant Washington ahead of it and another vehicle halted behind it. Since the plaintiff was, under the facts alleged, guilty of no negligence whatever, it appears to us immaterial whether she was seated in a stopped vehicle or an oncoming vehicle, and it appears likewise immaterial that a line of three cars was stalled rather than one, two, or five, or that the Jones car collided with an automobile in front of it other than the plaintiff's automobile, instead of precipitating the injury in some other way such as by attempting to pass and becoming involved with oncoming traffic. See also *Callahan* v. *Cofield*, 61 *Ga. App.* 780 (7 S. E. 2d 592). If the statute is for the benefit of operators of following vehicles it was for the benefit of the plaintiff. Since the defendant Washington, being engaged in violating a traffic law, is chargeable with anticipating that others like himself will also violate traffic laws, it follows that the facts alleged in the petition set out a cause of action against both defendants. Whether in point of fact the negligence of Washington was too remote under the rules of law above stated to constitute a concurrent proximate cause of the injuries, and also whether or not, as contended, the Washington vehicle, in the position described in the petition, was not actually blocking the right traffic lane

as to vehicles following it, are defenses which will doubtless be developed on the trial of the case, but they are not questions of law which may be decided here.

*Millirons* v. *Blue*, 48 *Ga. App.* 483 (173 S. E. 443) cited by the plaintiff in error is a two-judge decision with one judge dissenting and deals with facts so widely differing from the situation here that it would not in any event be controlling. *Horton* v. *Sanchez*, 57 *Ga. App.* 612 (195 S. E. 873), in which a general demurrer of the owner of the illegally stopped vehicle was sustained, and *Silver Fleet Cab Co.* v. *Bauer*, 88 *Ga. App.* 455, 458 (76 S. E. 2d 845), in which the general demurrer of the owner of the parked vehicle was overruled, are both closer on their facts to the present situation, and Judge Sutton, who wrote both cases, distinguished the *Horton* case from the *Silver Fleet Cab Co.* case on the ground that in the former "it was held that the plaintiff's injuries were shown to have been caused by the driver of a following car passing to the right of the defendant's automobile, which had been stopped suddenly, and beside which the plaintiff was standing," which emphasizes the basis of the original opinion, to the effect that there was no allegation in the petition to negative the presumption that the codefendant who ran into the parked automobile could have gone around it on the left in a lawful manner and without injury to the plaintiff. The reasoning was that the decision of the codefendant to pass the parked vehicle on the right, thus injuring the plaintiff who was just entering the car, was not an act which, under the circumstances, was chargeable to the defendant operating the vehicle which had stopped in the road, in view of the fact that the codefendant might have passed on the left without injury to the plaintiff.

We adhere to the rule that "in all cases where the minds of reasonable persons may disagree as to whether an act alleged to be negligent is in fact negligence, as well as in all cases where reasonable minds may disagree as to whether the negligence alleged concurred with the negligent acts of third persons as a proximate cause, these questions should go to a jury for decision."

The trial court did not err in overruling the general demurrers

to the petition. This case was considered by the whole court as provided by the act of 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Felton, C.J., Gardner, P.J., Townsend, Quillian and Nichols, JJ., concur.*