## 59564. STEVENS v. BAGGETT et al.

SHULMAN, Judge.

Plaintiff brought suit against defendants-joint tortfeasors for injuries sustained as the result of defendant's alleged negligence. From the grant of the resident defendants' motions for summary judgment and the grant of the nonresident defendant's motion to dismiss for lack of jurisdiction, plaintiff brings this appeal. We reverse.

The facts are as follows: On November 11, 1978, at approximately 2:00 a.m., appellees Baillee and Bennett (driving automobiles) and appellee Berta (operating a motorcycle) were involved in a collision on the Spring Street bridge in Bibb County, Georgia. As a result of the collision, defendant-Berta was thrown from his motorcycle. Apparently, he lay injured in the street when police officers arrived at the scene. The plaintiff, a nurse, arrived shortly thereafter and asked one of the officers if she could be of assistance in attending the victim. (Although an ambulance had been called for Berta, it had not yet arrived.) At the same time the plaintiff was examining Berta, defendant-appellee Baggett (the nonresident defendant) drove his pickup truck onto the bridge in a southbound direction. Baggett testified on deposition that when he came onto the bridge he saw that there had been an accident. He stated, however, that in his attempt to avoid hitting any persons at the scene of the accident he swerved his truck into the bridge and inadvertently slid into the wreckage. As a result of this second collision, plaintiff was injured, for which injuries she brought suit against all defendants as joint tortfeasors. The trial court granted resident-defendant's motions for summary judgment, presumably on the grounds that their negligence (if any) was not the proximate cause of plaintiff's injuries, concomitantly dismissing plaintiff's action against the nonresident defendant for lack of venue (venue having been predicated upon resident defendants).

Since we find that genuine issues of fact remain as to whether or not plaintiff's purported attempt to rescue was reasonably

foreseeable under the circumstances (and not reckless or wanton); whether or not the alleged negligence of the resident defendants (the first actors) continued while a rescue effort was made; or whether or not defendant-Baggett's actions in driving into the wreckage constituted the sole proximate cause of plaintiff's injuries (as a superseding act of negligence cutting off the resident defendant's liability), we must reverse the trial court's grant of summary judgment in favor of the resident defendants and its dismissal pursuant thereto of the suit against nonresident defendant Baggett for lack of venue.

1. Resident appellees argue that, even assuming their negligence in the first collision, such negligence was too remote, complete and static to be considered a concurring proximate cause, as a matter of law, with any other negligence (that is, either plaintiff's subsequent negligence in attending the victim, or the subsequent negligence of defendant-Baggett in colliding with the wreckage).

We cannot agree that plaintiff's act in coming to the aid of the victim was, as a matter of law, not an act of rescue. This is a question for jury determination.

"[T]he doctrine of rescue necessarily contemplates an assumption of the risk inherent in the peril created by the defendants' negligence and allows recovery for injuries thereby incurred, for the reason that the defendants were charged with the duty of anticipating that their negligence might attract rescuers who would necessarily have to assume the dangers inherent in the situation." *Flowers v. Slash Pine EMC,* 122 Ga. App. 254, 258-259 (176 SE2d 542).

"The . . . question . . . is, does the stimulus of the negligence under the circumstances call for the effort to rescue as a normal reaction to the situation, which cannot be said to be rash and reckless as a matter of law? . . . 'Whether or not reasonable and prudent [persons] would act in the same way, under such circumstances, is a question for the jury to determine.' " *Rushton v. Howle,* 79 Ga. App. 360, 361-362 (53 SE2d 768). See also *Stone's Independent Oil Dist. v. Bailey,* 122 Ga. App. 294 (176 SE2d 613).

The fact that in reality the victim's life may not have been in imminent peril does not mandate the finding that the doctrine of rescue was inapplicable in the case at bar.

"[E]ven though no danger is actually imminent, the rule is applicable to one who acts on appearances, if his conduct is that of an ordinarily prudent [person] under the circumstances." 65A CJS 83, 85, Negligence, § 124.

Thus, we believe it is the function of the jury to determine

whether or not, under the circumstances, plaintiff *reasonably* believed that the victim was in imminent peril and whether or not plaintiff acted in a reasonably prudent manner in coming to the plaintiff's rescue. See *Stone,* supra, Division 2.

2. Even if plaintiff was in the reasonably foreseeable role of rescuer, resident appellees submit that they cannot be held liable for plaintiff's injuries, since defendant Baggett's act of negligence did, in fact and as a matter of law, intervene as the actual, immediate and proximate cause of plaintiff's injuries.

Because of the conflicting evidence presented on motion for summary judgment, we cannot find as a matter of law that Baggett's actions, as a superseding cause, were the sole proximate cause of plaintiff's injuries, precluding plaintiff from recovering against the first actors for their purported negligence.

"A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. An intervening force may be either a superseding or concurrent cause of injury, depending upon a number of causative factors involved. It may be either dependent upon or . . . independent of the original negligent act, and yet be such that, except for the existence of both negligent acts, the injury would not have occurred. The original act of negligence may be passive, that is harmless unless something further occurs but capable of being made dangerous by the operations of some new force . . . Under such conditions, the fact that an intervening act of a third person is itself negligent, and acts upon the original passive negligence so that injury occurs which otherwise would not have occurred, does not necessarily operate to make the second act of negligence by the third party the sole proximate cause of injury and thus insulate the original wrongdoer from liability where the original wrongdoer at the time of his negligent conduct should have realized that a third person might so act, or, as a reasonable person knowing the situation existing when the act of the third person was done, would not regard it as extraordinary that the third person could so act.' [Cit.]" *Perry v. Lyons,* 124 Ga. App. 211, 215-216 (183 SE2d 467).

Although the finding that Baggett's negligence was a superseding cause of plaintiff's injuries may indeed be authorized by the evidence presented on motion for summary judgment, it was not demanded. It is ultimately for the jury to determine whether the doctrine of independent intervening cause was applicable to the case at bar or whether negligent acts of all the defendants in combination were the proximate cause of plaintiff's injuries.

3. Resident appellees submit that inasmuch as defendant Baggett was aware of the existence of the potential danger created by the alleged negligence of the actors in the first collision, but nonetheless acted negligently in respect to the dangerous situation " 'thereby [bringing] about an accident with injurious consequences to others, the first actor[s] [are] relieved of liability, because the condition created by [them] was merely a circumstance and not the proximate cause of the accident . . ." ' " *Washington v. Kemp,* 97 Ga. App. 235, 239 (102 SE2d 910).

We cannot agree that defendant-Baggett's awareness of the road hazard, alone, was sufficient to render his negligent actions the sole proximate cause of plaintiff's injuries. Although it is true that " 'where the second actor, after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in respect of the dangerous situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident . . . if the second actor does not become apprised of the danger arising from the first actor's negligence until after his own negligence, added to the existing peril, has made an accident with injurious consequences inevitable, both actors are liable, since the negligence of the one concurs with the negligence of the other proximately to cause the injury.' " Id., pp. 238-239, quoting from *Pittman v. Staples,* 95 Ga. App. 187 (1, 2) (97 SE2d 630).

Resident appellees submit that appellee-Baggett was aware of the existence of the road hazard caused by the multiple collision and that, therefore, appellee-Baggett's failure to exercise reasonable care was the sole proximate cause of plaintiff's injury. Although Baggett testified that he knew of the hazard as he approached the scene of the collision, "[w]hether [Baggett] did, [could] or should have discovered and avoided [resident appellees'] negligence before the collision became inevitable is a question for jury determination . . ." *Washington,* supra, p. 239.

"Where one, by his negligence, creates a dangerous situation which is not, however, in itself harmful, whether or not his negligence concurs with a subsequent and independent act of negligence on the part of another to cause injury depends primarily upon whether the latter act of negligence might ordinarily and in the usual course of events have been anticipated by the defendant; if not, it is too remote to stand as an integral part of the proximate cause. In this respect, the rule is that while ordinarily one may assume that others will obey the law and need not anticipate negligence resulting from prohibited conduct, this rule does not

apply to one who is himself violating the law relating to traffic on the highway, and 'this being true, it was incumbent upon [them] to anticipate that others, like [them], might disobey the traffic laws and regulations. [Cits.]' " Id., p. 239.

Since questions of fact exist in regard to the applicability or inapplicability of the doctrines of rescue and superseding intervening cause, we must conclude that the trial court inappropriately granted resident appellees' motion for summary judgment and, thus, improperly dismissed the action against nonresident Baggett for lack of venue.

4. Appellee-Bennett submits that inasmuch as there was no evidence that she was in any regard negligent in bringing about the first collision, the grant of summary judgment in her favor was proper regardless of whether or not the first collision was, in part, the proximate cause of plaintiff's injuries.

Issues of negligence were raised as to whether or not Ms. Bennett was negligent in failing to keep her vehicle under control, whether she failed to exercise reasonable care to avoid the collision, and whether or not she operated her automobile on the highway in such a manner as not to impede the normal flow of traffic.

"Although the evidence of negligent action [against appellee-Bennett], dependent upon the favorable inferences afforded on a summary judgment hearing, [may be] extremely weak, and on a trial it may very well appear that [she is] entitled to a directed verdict" (Perry v. Lyons, 124 Ga. App. 211, supra, p. 219), we conclude at this stage that summary judgment should not be granted appellee-Bennett on the grounds that she was not negligent as a matter of law.

For the foregoing reasons, the judgment of the trial court in favor of the appellees must be reversed.

Judgment reversed. Quillian, P. J., and Carley, J., concur.

ARGUED MARCH 3, 1980 — DECIDED
APRIL 10, 1980.

J. Sewell Elliott, for appellant.

Joseph H. Chambless, John E. James, Cubbedge Snow, Jr., Thomas W. Talbot, George N. Skene, Thomas C. Alexander, for appellees.