707 F.2d 1289
 Blondell RUSSELL, Administratrix of the Estate of Willard L.
Russell, Deceased, A & B Trucking, Inc., Southern Intermodal
Logistics, Inc. and Carolina Casualty Insurance Company,
Inc., Defendants-Appellants,
v.
Charles E. BACCUS, Plaintiff-Appellee.
Blondell RUSSELL, Widow of Willard Larry Russell, Deceased,
Plaintiff-Appellant,
v.
Charles E. BACCUS, Colonial Fast Freight Lines, Inc.,
William Edsel Ford and Excalibur Insurance
Company, Defendants-Appellees.
 Nos. 82-8021, 82-8033.
 United States Court of Appeals,
Eleventh Circuit.
 June 23, 1983.
 
 1
 Lawrence & Rice, Peter J. Rice, Jr., Greensboro, Ga., for plaintiff-appellee at No. 82-8021.
 
 
 2
 David F. Root, Atlanta, Ga., for appellees in both cases.
 
 
 3
 Erwin, Epting, Gibson, McLeod & Blasingame, Eugene A. Epting, Athens, Ga., for defendants-appellants at No. 82-8021.
 
 
 4
 Carr, Abney, Tabb & Schultz, Mark A. Kelley, Atlanta, Ga., for defendants-appellants at No. 82-8033.
 
 
 5
 Dennis, Corry, Webb, Carlock & Williams, Robert E. Corry, Jr., Atlanta, Ga., for plaintiff-appellee at No. 82-8033.
 
 
 6
 Appeals from the United States District Court for the Middle District of Georgia.
 
 
 7
 Before GODBOLD, Chief Judge, RONEY, Circuit Judge, and PITTMAN*, District Judge.
 
 PITTMAN, District Judge:
 
 8
 These consolidated appeals arise out of the same truck collision. The two cases were tried together and one set of interrogatories applicable to both cases were answered by the jury.
 
 
 9
 In No. 82-8021 ("the Baccus case"), defendants-appellants Blondell Russell, as administratrix of the estate of Willard L. Russell, deceased, A & B Trucking, Inc., Southern Intermodal Logistics, Inc., and Carolina Casualty Insurance Company, Inc. appeal the final judgment entered pursuant to a jury verdict in favor of plaintiff-appellee Charles E. Baccus in his action seeking damages for personal injuries sustained. Defendants-appellants assert on appeal that the district court erred in overruling the appellants' motion for directed verdict and in refusing to give the jury specific instructions regarding the emergency doctrine and standard of care.
 
 
 10
 In No. 82-8033 ("the Russell case"), plaintiff-appellant Blondell Russell, as widow of Willard L. Russell, deceased, appeals from the entry of final judgment pursuant to a jury verdict in favor of defendants-appellees Colonial Fast Freight Lines, Inc., Charles E. Baccus, and William Edsel Ford in her action seeking damages for the wrongful death of Willard L. Russell.
 
 
 11
 Plaintiff-appellant asserts that the district court erred in refusing to give specific instructions regarding duty of care and proximate cause.
 
 
 12
 In short, Baccus prevailed in both cases, and Russell (and those aligned with her) appeals in both.
 
 
 13
 We affirm each case for the reasons set forth below.
 
 
 14
 The truck collision out of which these actions arose occurred in the pre-dawn darkness of May 7, 1979, about 4:30 a.m. According to the testimony of Georgia State Trooper Johnny Grimes, Russell, westbound on Interstate Highway 20, swerved to the right onto the highway shoulder, then left across the westbound lanes and the highway median. The Russell vehicle then turned over and skidded on its right side, coming to rest lengthwise across the eastbound lanes of traffic, forming a cloud of smoke and dust.
 
 
 15
 Glenn Jones, driving a passenger automobile eastbound in the right lane on Interstate Highway 20, approached the overturned Russell vehicle. Seeing what appeared to be a patch of dust or fog, Jones slowed his automobile, detected the overturned Russell vehicle from about 25 feet, and stopped his vehicle.
 
 
 16
 Behind Jones, Baccus was operating a tractor-trailer in the eastbound right-hand lane. Baccus testified that as he came over the crest of a hill[1] he saw the taillights of the Jones automobile and what he thought was smoke ahead of the Jones automobile.[2] Baccus moved to the left lane of the highway but did not apply his brakes. From a distance of less than 200 feet, Baccus realized there was something inside the cloud. Baccus thereupon applied his brakes and swerved to the right in an effort to leave the roadway. Baccus collided with the rear of the Jones automobile and then with the Russell vehicle.
 
 
 17
 A plastic cooler containing beer was found in the cab of the Russell vehicle. Russell's blood alcohol level was such that his driving ability would have been considerably impaired.[3]
 
 
 18
 The case was submitted to the jury on the following special interrogatories, to which the jury entered the noted answers:
 
 
 19
 1. (a) Does the evidence prove that Willard Larry Russell was negligent?
 
 
 20
 (X) Yes
 
 
 21
 ( ) No
 
 
 22
 (b) If so, was Russell's negligence a proximate cause of the collision between his overturned truck and the truck driven by Charles E. Baccus?
 
 
 23
 (X) Yes
 
 
 24
 ( ) No
 
 
 25
 2. (a) Does the evidence prove that Charles E. Baccus was negligent?
 
 
 26
 (X) Yes
 
 
 27
 ( ) No
 
 
 28
 (b) If so, was Baccus' negligence a proximate cause of the collision between his truck and the overturned truck driven by Willard Larry Russell?
 
 
 29
 ( ) Yes
 
 
 30
 (X) No
 
 
 31
 An additional interrogatory called for percentages of negligence attributable to each driver. The court instructed the jury that unless they answered "Yes" to the first four questions they need not attribute percentages. The jury was given a further interrogatory regarding damages, pursuant to which they awarded Baccus $34,000 in lost past earnings and $166,000 in lost future earnings. The jury awarded no damages for pain and suffering.
 
 Directed Verdict
 
 32
 Appellants in No. 82-8021, the Baccus case, contend that the district court erred in overruling their motion for directed verdict and permitting the jury to determine whether Baccus exercised ordinary care for his own safety. In this connection, appellants argue that certain admissions from Baccus' testimony show that he failed to exercise ordinary care.
 
 
 33
 A directed verdict encompasses questions of negligence and proximate cause. Because the jury found Baccus guilty of negligence, no prejudice can have resulted to the appellant on this question, and no discussion of the merits on negligence is necessary.
 
 
 34
 Where, as here, a defendant's motion for directed verdict is denied by the district court, and the jury returns a verdict adverse to the defendant, the reviewing court cannot concern itself with any question of conflict in the evidence, but is required to assume that all conflicts have been resolved by the jury in favor of the plaintiff. Prudential Insurance Co. v. Schreffler, 376 F.2d 397, 399 (5th Cir.), cert. denied, 389 U.S. 1005, 88 S.Ct. 564, 19 L.Ed.2d 601 (1967). See also Little v. Green, 428 F.2d 1061, 1066 (5th Cir.), cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970).
 
 
 35
 The question of proximate cause as a jury question is addressed hereafter.
 
 Emergency Charge
 
 36
 Appellants in No. 82-8021, the Baccus case, contend that the court erred in instructing the jury on sudden emergency with respect to Baccus' conduct, because Baccus had sufficient time to apprehend the danger occasioned by the obscured highway and to take precautionary measures to avert the collision. Thus, the appellants contend, the trial court erred in giving the jury a charge relating to that doctrine.
 
 
 37
 The emergency doctrine, as variously stated, addresses the issue of negligence. In the present case, the jury determined that Baccus was negligent, although such negligence was not a proximate cause of the collision. No prejudice to the appellant can have resulted from giving the emergency charge.
 
 Refused Charges
 
 38
 Russell, in both Nos. 82-8021 and 82-8033, requested jury charges that were refused by the trial court. Russell seeks reversal due to the trial court's refusal to give three particular charges. For the reasons set forth below we find no reversible error in the trial court's refusal.
 
 
 39
 (1) Reid charges.
 
 
 40
 In No. 82-8021, the Baccus case, the defendants requested the following charge:
 
 
 41
 I charge you that in regard to the claim of plaintiff Charles E. Baccus for damages, if you should find from the evidence that as he approached the scene of the collision Mr. Baccus had notice that his view of the road ahead was obstructed by smoke or dust in time to have avoided the collision by stopping or slowing his vehicle, or that in the exercise of ordinary care he should have done so, and that he failed to exercise that degree of care which an ordinarily prudent person would have exercised under the same circumstances, then Mr. Baccus would not be entitled to recover damages, and you would be authorized to return a verdict for the defendants in Case No. 81-18-ATH.
 
 
 42
 The Russell defendants contend that Reid v. Southern Railway, 52 Ga.App. 508, 183 S.E. 849 (1936) mandates this instruction. The instruction describes conduct of a plaintiff in a factual situation asserted to be that of Baccus which (on grounds of contributory negligence or assumption of risks) will bar him from recovery. The charge was properly refused because it describes plaintiff's conduct as a bar without reference to that conduct's being a proximate cause of injury. Proximate cause is a question left to the determination of the jury. Collins v. McGlamory, 152 Ga.App. 114, 262 S.E.2d 262, 263 (1979). The jury found Baccus' negligence was not a proximate cause of the injury.
 
 
 43
 In 82-8033, the Russell case, plaintiff-appellant Russell requested the following charge:
 
 
 44
 Ladies and Gentlemen, I charge you that if you find the defendant [Baccus] drove into a cloud of smoke, dust or fog which was so thick as to completely obscure his view of the the highway in and behind the cloud of smoke, dust or fog and that this cloud of smoke, dust or fog was visible a sufficient distance down the road that he could have stopped before he reached the cloud of smoke, dust or fog, then I instruct you that he took the chance of there being some hidden obstruction or danger within the smoke and therefore he proceeded at his peril and knowingly and deliberately took a risk of danger of which, to any person of common prudence would have been plain and obvious. A man cannot heedlessly rush into grave peril of the existence of which he is perfectly aware and then hold anyone else, whether negligent or not, responsible for the consequences. Such an act in and of itself amounts to a failure to exercise ordinary care and diligence for his own safety.
 
 
 45
 This too was drawn from language in Reid. It describes conduct asserted to be that of defendant Baccus, but it is not directed to Baccus' liability as defendant. Rather it discusses the asserted conduct as a limitation on the right of a plaintiff to recover. On appeal Russell contends that it is negligent as a matter of law for Baccus to do what he did. But this contention is not properly raised by an instruction cast in terms of a limit on the actor's right to recover against others. Moreover, the instruction omits the element of proximate cause. And, finally, the omission of the instruction could not have injured Russell as plaintiff because the jury found that Baccus was negligent.
 
 
 46
 (2) Stevens charge.
 
 
 47
 Appellant in No. 82-8033, the Russell case, seeks reversal because of the trial court's refusal to give the following charge:
 
 
 48
 Ladies and Gentlemen, I charge you that 'where the second actor, after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in repect [sic] of the dangerous sitatuion [sic] and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him were [sic] merely a circumstance and not the proximate cause of the accident.'
 
 
 49
 A cloud of dust, fog or smoke which is so thick as to completely obscure a driver's view of the highway in and behind the cloud shows the existence of a potential danger as a matter of law.
 
 
 50
 Appellant relies on Stevens v. Baggett, 154 Ga.App. 317, 268 S.E.2d 370 (1980) and Washington v. Kemp, 97 Ga.App. 235, 102 S.E.2d 910 (1958). In Stevens, a summary judgment case, the court held:
 
 
 51
 It is ultimately for the jury to determine whether the doctrine of independent intervening cause was applicable to the case at bar or whether negligent acts of all the defendants in combination were the proximate cause of plaintiff's injuries.
 
 
 52
 268 S.E.2d at 373. Similarly, in Washington wherein the trial court overruled appellants' general demurrers to the plaintiff's petition, the court noted:
 
 
 53
 We adhere to the rule that "in all cases where the minds of reasonable persons may disagree as to whether an act alleged to be negligent is in fact negligence, as well as in all cases where reasonable minds may disagree as to whether the negligence alleged concurred with the negligent acts of third persons as a proximate cause, there questions should go to a jury for decision."
 
 
 54
 102 S.E.2d at 915.
 
 
 55
 The proffered charge improperly attempts to direct the jury to find that under certain facts, Russell's negligence would not be the proximate cause of the accident. Such a charge is improper, as it would take this question from the jury's consideration. The trial court properly gave a full and complete charge on the law of proximate cause.
 
 
 56
 There being no reversible error, the judgment is due to be, and hereby is,
 
 
 57
 AFFIRMED.
 
 
 
 *
 Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation
 
 
 [1]
 Witness Donald Norris of Georgia Adjustment Company measured the distance from the crest of the hill to the point of impact to be 906 feet. Trooper Grimes testified that the crest was about 1,000 feet from the overturned Russell vehicle
 
 
 [2]
 According to Baccus and witness Jones, the Russell vehicle was unilluminated at this time
 
 
 [3]
 A blood alcohol test was performed on a sample of Russell's blood. The sample had a blood alcohol level of 0.10 percent, the minimum level for the legal presumption of intoxication in Georgia
 A forensic chemist testified at trial that at the 0.10 percent level a driver suffers doubled reaction time and coordination impairment.