[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12886

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00026-CV-FTM-29-DNF

MARCO ISLAND CABLE,
a Florida Corporation,

Plaintiff-Appellee,

versus

COMCAST CABLEVISION OF THE SOUTH, INC.,
a Colorado Corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 13, 2009)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

This is a dispute between competitor providers of cable services to Multiple

Dwelling Units (MDUs) on Marco Island. Marco Island Cable ("Marco") sued

Comcast Cablevision of the South ("Comcast"), alleging that Comcast engaged in anti-competitive behavior which damaged Marco's business. After several of Marco's claims were dismissed on Comcast's motion for summary judgment, the case went to trial. The evidence at trial focused on Marco's allegation that Comcast's assertion of ownership rights in the cable wiring within Marco Island MDUs violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("the Act").

At trial, Comcast moved for judgment as a matter of law. The court denied the motion and submitted the case to the jury. The jury awarded Marco over $3.2 million. Post-trial, Comcast again moved for judgment as a matter of law. The court denied that motion but granted Comcast's alternative motion for a new trial. Later, on Marco's motion, the district court remitted the judgment to $800,000, in lieu of granting a new trial.

Comcast appeals the judgment, arguing only that the district court erred in denying its renewed motion for judgment as a matter of law. Comcast does not seek review of the denial of its motion for a new trial.

## II. STANDARD OF REVIEW

This court reviews de novo a district court's grant or denial of a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.

2

*Cleveland v. Home Shopping Network, Inc.,* 369 F.3d 1189, 1192 (11th Cir. 2004) (*citing Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir. 2003)). "Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.* (*citing* Fed. R. Civ. P. 50). "Where, as here, a defendant's motion for directed verdict is denied by the district court, and the jury returns a verdict adverse to the defendant, the reviewing court cannot concern itself with any question of conflict in the evidence, but is required to assume that all conflicts have been resolved by the jury in favor of the plaintiff." *Russell v. Baccus*, 707 F.2d 1289, 1292 (11th Cir. 1983) (*quoting Prudential Ins. Co. v. Schreffler*, 376 F.2d 397, 399 (5th Cir. 1967)).

### III. CONTENTIONS OF THE PARTIES

Comcast makes three arguments: (1) Marco did not present any evidence that Comcast's actions violated the Act; (2) Marco did not present any evidence that Comcast's actions proximately caused Marco's injury; and (3) Marco did not present any competent evidence of damages. (Appellant's Br. at 24-28.) Marco originally filed a notice of cross-appeal but has abandoned that cross-appeal and now defends the judgment.

## IV. DISCUSSION

The jury's liability verdict was a general one, finding only that Marco established, by a preponderance of the evidence, that Comcast violated the Act. (R.29 at 2098-99.) Therefore, we will uphold that verdict if <u>any</u> of Marco's theories of liability is supported by sufficient evidence. *Cabello v. Fernández-Larios*, 402 F.3d 1148, 1160 (11th Cir. 2005).

A review of the trial record reflects sufficient evidence for a reasonable jury to conclude that Comcast violated the Act by asserting ownership of inside wiring in Marco Island MDUs in the manner that it did and despite the fact that Comcast may not have owned the inside wiring. Evidence was presented that Comcast did not pay personal property taxes on the inside wiring, as it should have if it, in fact, owned that wiring. Marco also offered evidence that Comcast intimidated customers into contracting with Comcast by: deceptively omitting key operative language when quoting from its contracts in letters sent to the MDUs asserting ownership of the wiring; seeking to grossly overcharge the MDUs and their occupants who may have wanted to purchase the wiring; misleading customers about their access to the wiring and the necessity for its removal should they choose another cable provider; invoking inapplicable FCC regulations in support of Comcast's asserted rights to the wiring;

4

and sending a crew out to remove interior wiring from an MDU, an act that would cause significant damage, without the MDU occupants' permission.

Given this evidence, several theories support the jury's verdict. The jury could have concluded that Comcast violated the Act by dishonestly asserting that it owned the inside wiring. The jury could have concluded that Comcast violated the Act by knowingly misrepresenting its rights to charge MDU owners for the inside wiring or its rights to remove that wiring. And, the jury could have concluded that Comcast violated the Act by using the deceptive and bullying conduct we have described to induce the MDUs into contracting with Comcast.

A reasonable jury also could have found that these actions by Comcast proximately caused Marco damage. Comcast argues that Marco failed to present evidence tying Comcast's actions to Marco's damages. But, Comcast's arguments ignore the evidence that Comcast's illegal actions affected the MDU cable market on Marco Island as a whole, not just those particular MDUs with which Comcast had interactions about the wiring in their individual buildings. Indeed, Comcast intended to affect the purchasing decisions of the whole MDU community on Marco Island. Testimony at trial (by Comcast's own employee) was that Comcast intended for members of the Marco Island MDU ownership and management community to be made aware of its "new policies" and, that in addition to taking the actions listed

5

above, Comcast representatives communicated with members of the MDU community through an industry association, in an effort to make that community as a whole aware of Comcast's position that it would not "relinquish" the wiring ownership rights that Comcast asserted. (R.26 at 1173-75.)

And, Marco's owner testified that Comcast's actions did, in fact, affect his business. He testified that, given the historical performance of his business and what he knew of the Marco Island market, he would have expected to receive invitations to bid on eight to ten MDU contracts per year but, after Comcast took the actions it did (again, actions that the jury found illegal), he received no such requests. (R.26 at 1303.) Marco's damages expert testified that Marco's business stopped expanding in 2003 "because of the necessity to deal with the business tactics and methodologies of the new Comcast that had come into the area." (R.27 at 1537.) And, Comcast itself admits that Marco's damages expert testified that Marco's business diminished in value "as a result of Comcast practices."[1] Appellant's Br. at 21 (*citing* R.27 at 1545).

---

[1]Comcast argues that this evidence was improperly admitted as it was evidence of an incorrect measure of damages under the statute, it was speculative, and Comcast was not given sufficient notice of Marco's damages expert's opinion. But, Comcast has not properly presented for review the propriety of the district court's admission of evidence or the propriety of the court's charge to the jury. These are arguments more properly made in an appeal of a denial of a motion for new trial. Comcast challenges only the district court's denial of its motion for judgment as a matter of law. And, denial of the new trial motion was proper if there was proof of damage in any amount, caused by Comcast's illegal actions. Of course, there was such proof. Comcast's arguments themselves – challenging the admission of some of that evidence – demonstrate that.

(*See also* R.27 at 1559 (expert testimony that Marco "[was] plateauing as a result of Comcast's actions."))

## V.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.